[Civ. No. 4778.    Fourth Dist.    Nov. 3, 1954.]

ESTHER J. ROSENOW et al., Appellants, v. THREE-ARCH BAY ASSOCIATION et al., Respondents.

Ralph B. Helm and Robert W. Armstrong for Appellants.

Parker, Stanbury, Reese & McGee and Forgy, Reinhaus & Forgy for Respondents.

BARNARD, P. J.—This is an action for damages for the loss of a beach house constructed on a cliff along the waterfront in South Laguna, in a tract known as ''Three-Arch Bay.'' In 1945, the plaintiffs purchased a lot in this tract from the defendant bank acting as trustee. This was a steep lot, some 110 feet long, running from what is known as ''Bay Drive'' to the ocean. In 1949, they erected a summer home, with wooden ramps leading up the hill to Bay Drive. In September, 1951, during the dry season they noticed a crack which had appeared in the hillside between their house and Bay Drive. This crack was about 8 feet wide, and was alarming enough to cause them to discuss it with a neighbor. On January 17, 1952, Mr. Rosenow received word that this crack was widening and he drove to Laguna Beach to inspect the property. He found that the crack then extended across his property, across a neighbor's property, and to a third property. On the night of January 17 a heavy slide of land

occurred and the whole hillside slipped toward the ocean, badly wrecking the plaintiffs' house and other improvements.

This action was brought against the Three-Arch Bay Association, the bank referred to, and two individual defendants. The complaint alleged that the Three-Arch Bay Association had diverted upon plaintiffs' property large quantities of accumulated water which would not naturally flow thereon, which caused this mass slide of the earth and resulted in this damage; that the defendants owned, operated and controlled facilities in and upon Bay Drive, a private street, by which waters were collected thereon which would not naturally flow upon plaintiffs' property, and also owned, operated and maintained a culvert and storm drain near plaintiffs' property for the purpose of discharging these waters into the ocean; that the defendants had so negligently constructed, operated and maintained these facilities as to cause a great quantity of water to be discharged upon plaintiffs' land which would not naturally flow or drain thereto; that this discharge of water upon plaintiffs' land caused this earth slide; and that as the proximate result of the negligence and unlawful conduct of the defendants the plaintiffs' house was destroyed. These allegations were all denied by the defendants. At the conclusion of the plaintiffs' case motions for nonsuit as to each of the defendants were made and granted, and the plaintiffs have appealed.

The appellants concede that the nonsuits were properly granted insofar as the two individuals are concerned. They contend, however, that nonsuits were improperly granted as to the defendants Three-Arch Bay Association and the bank; that the evidence would have supported judgment in their favor against those defendants; and that the trial judge, in ruling on the nonsuits, weighed the evidence instead of assuming the truth of that portion which was favorable to them.

We agree with the trial court's conclusion that no evidence was produced which would have supported a judgment against the bank. A different situation exists with respect to the defendant Three-Arch Bay Association. While, as the trial judge remarked, a weak case was presented as to that defendant the evidence was sufficient to present a factual question which should have been left to the jury.

There was evidence that the Three-Arch Bay Association had received a deed for and was the owner of Bay Drive, which it maintained as a private road, and that it maintained a guard at the gate who was authorized to stop all persons

entering the tract and grant or deny permission to them to enter. Printed rules were furnished to property owners within the tract setting forth regulations upon which visitors would be permitted to enter the tract. There is evidence that there was a catch basin on Bay Drive, a short distance from plaintiffs' property, into which water drained from an area of about two acres on the hills above the drive; that only a portion of the runoff from this drainage area would naturally drain onto or fall upon the plaintiffs' property; and that a culvert or pipeline leading from this catch basin to a point near the ocean, which had been constructed some years before, passed near the plaintiffs' property and was used as an outlet for the catch basin which existed on Bay Drive.

The main question in the case was whether the landslide resulting in this damage was caused by water coming from this catch basin and pipeline, or whether it was caused by natural conditions arising from rainfall, surface irrigation, or underground waters naturally percolating through the area.

An expert witness, who had formerly been city engineer for Laguna Beach, testified for the plaintiffs. He testified that in his opinion natural seepage could not have caused this earth slippage; and that, because of the great weight of the mass of earth which slipped, this house would have been wrecked even if its foundations had been put down to bedrock. He further testified that this drain was not properly constructed; and expressed the opinion that this earth slippage was caused by water allowed to escape from this pipeline and not by water from other sources. He gave substantial reasons for his opinions which, while not conclusive, were sufficient to make out a prima facie case. There was also evidence that an alarming crack appeared before the rainy season began, and testimony by a neighbor of the plaintiffs that the drain or pipeline was not working properly immediately preceding this damage.

The respondents urge a number of matters which would indicate that the damage probably occurred from other causes. Some of these were matters of defense of which no evidence was given, and others are in the nature of conflicting evidence or inferences. While these matters would have a bearing in a consideration of the question as one of fact, they are not controlling as a matter of law. The record discloses that in passing on the motions for nonsuit the court was in fact weighing the evidence. The judge stated that he considered the theory that this storm drain leaked, as expressed by the ex-

pert, as being "just speculation on his part"; that even if not enough concrete was used to seal the connections between the sections of this pipeline, water would not have leaked out in appreciable quantity, in view of the size of the pipe and the steepness of the hill; that the evidence showed that water from other sources was going into the ground; and that it could not be inferred "that what little water got into the storm drain would be the thing that we have to blame." While there is considerable merit in the court's conclusion as to the weight of the evidence, a question of fact was presented. Under familiar rules, an order of nonsuit as to the one defendant should not have been entered.

The judgment is reversed with respect to the defendant Three-Arch Bay Association, and is affirmed with respect to the other defendants. The appellants will recover costs on appeal.

Griffin, J., and Mussell, J., concurred.